UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

STUCCHI USA, INC.,

      Plaintiff/Counterdefendant
v.                                                         Case No. 09-CV-732

HYQUIP, INC.,

      Defendant/Counterclaimant and
      Third-Party Plaintiff,
v.

STUCCHI S.p.A.,

      Third-Party Defendant.
_____

# ORDER

Stucchi USA Inc. ("Stucchi") moves this court seeking an extension of time until Monday, October 12, 2009, to respond to counterclaimant Hyquip's answer and counterclaims, which was filed on August 11, 2009. According to Stucchi, the two parties had been involved in settlement discussions throughout much of August and September, and on September 10, 2009, the parties filed a Joint Status Report reflecting their efforts to reach an agreement on mediation. Stucchi states that "[n]o deadline for Stucchi to answer counterclaims by HyQuip was set" in that joint report. (Pl. Status Report, Dkt #25, at 2). What Stucchi fails to appreciate is that regardless of what was stated in the joint report, Fed. R. Civ. P. 12(a)(1)(B) clearly set a deadline for Stucchi to answer counterclaims by Hyquip.

Rule 12(a)(1)(B) states: "A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim." Id. Stucchi was served with Hyquip's answer and counterclaim on August 11, 2009. (Cert. of Service, Dkt. # 14). Thus, Stucchi's answer was due on August 31, 2009.

Stucchi takes the position that it was involved in good faith efforts to enter into a mediation agreement with Hyquip, and that if such an agreement was reached, it expected that the case would be stayed pending mediation – thus obviating its need to file an answer. These claims are cast into doubt by Stucchi's unwillingness to accept service of process on behalf of its parent company, Stucchi, S.p.A. (an Italian corporation), or to aid in Hyquip's efforts to serve Stucchi, S.p.A. Indeed, Stucchi claims to want to seek mediation; however, Hyquip has made it clear that Hyquip is not interested in private mediation, and Judge Clevert made it clear that for mediation before a magistrate to occur, all parties (including Stucchi, S.p.A.) must be before the court, (Minutes and Order, Dkt. #19, at 2). Thus, Stucchi's actions have, in fact, hindered mediation from occurring. In fact, it is very likely that the present motion before the court (motion for extension of time to answer) could have been resolved between the parties if only Stucchi had offered to effectuate service on Stucchi, S.p.A. – a task that if Hyquip must complete on its own is predicted to cost $1500 and take up to five months – in return for Hyquip stipulating to Stucchi's motion. Clearly no such agreement was reached though.

-2-

Regardless of whatever discussions were occurring between the parties regarding mediation, and regardless of whether Stucchi was acting in good faith or not, ultimately, no agreement to stay the case was ever reached. Thus, Stucchi had no basis to think it was excused from the filing deadline imposed by Rule 12(a)(1)(B). In fact, Stucchi has not even asserted "excusable neglect" – the basis set forth in Fed. R. Civ. P. 6(b)(1)(B) for a motion for an extension of time filed after the deadline has passed[1] – for its failure to file an answer on or before August 31, 2009.

The court is encouraged by the parties' mutual interest in mediating this case. However, Hyquip is certainly within its rights to ask that Stucchi answer the counterclaims before the two proceed to mediation. Additionally, Judge Clevert made it clear that Stucchi, S.p.A., must be served before the parties can mediate before a magistrate judge. Once the necessary preconditions are met, this court will be obliged to order mediation if all parties agree. In the interim, the court will grant Stucchi's motion for an extension of time to answer which must be filed on or before Wednesday, October 14, 2009.

---

[1] Stucchi repeatedly iterates that no deadline was set for it to answer the counterclaim, yet it can point to no order from Judge Clevert staying the answering deadline imposed by Rule 12(a)(1)(B), nor can it point to a stipulation with Hyquip staying that deadline. Thus, Stucchi's claim that there was no deadline seems utterly unfounded. This means that the deadline to file an answer was indeed August 31, 2009, and thus Stucchi's motion for an extension of time filed on September 21, 2009, was filed after the deadline to file an answer had passed.

-3-

On a related matter, the court would simply request that, when possible, the parties e-file their pleadings and memoranda in an electronically searchable format.[2] Electronic searchability is not required by the court's e-filing policies; however, it is very helpful when the parties' documents are electronically searchable.

Accordingly,

**IT IS ORDERED** that plaintiff/counterdefendant's Motion for Extension of Time to File Answer or Otherwise Plead (Docket #22) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that plaintiff/counterdefendant shall file its answer to defendant/counterclaimant's Answer to Complaint and Counterclaim (Docket #9) on or before Wednesday, **October 14, 2009**.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] This can be accomplished in two ways. Documents can simply be converted to PDF directly from the word processing software on which they were produced, or documents can be printed out as hard copies and then scanned by a scanner possessing OCR technology which will convert the scanned documents into electronically searchable PDF documents.